**Order entered August 12, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00225-CR

**ROSS BRANTLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-00014-V**

## ORDER

Appellant's brief is overdue in this appeal. We also note the trial court's certification of appellant's right to appeal is incomplete in that none of the boxes on the form is checked.

Accordingly, the Court **ORDERS** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is

**ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order. The supplemental clerk's record shall also contain a completed certification of appellant's right to appeal that accurately reflects the trial court proceedings.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/     DAVID EVANS
         JUSTICE